**KENNEY, GROSS, KOVATS & PARTON**
130 Maple Avenue, Building 8
Red Bank, New Jersey 07701
(732) 530-7500
Attorneys for Defendants Manasquan BOE and Dr. Frank Kasyan
Attorney Id. No. 002272005

| | |
|---|---|
| Carmona et al.,<br><br>Plaintiffs<br><br>v.<br><br>New Jersey Department of Education et al.,<br><br>Defendants. | **UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY**<br><br>Docket No. 2:21-cv-18746 -JMV-ESK |

---

**BRIEF IN SUPPORT OF DEFENDANTS MANASQUAN BOARD OF EDUCATION AND DR. FRANK KASYAN'S MOTION TO DISMISS COMPLAINT**

---

Of Counsel and On the Brief:
Gabrielle A. Pettineo, Esq.

# TABLE OF CONTENTS

**Subject**                                                                    **Page**

Table of Authorities...................................................................................................... 3

Preliminary Statement.................................................................................................. 4

Statement of Facts/Procedural History.................................................................... 8

Legal Argument............................................................................................................. 10

I. DEFENDANTS' MOTION TO DISMISS MUST BE GRANTED BECAUSE
   PLAINTIFF L.M. DOES NOT HAVE STANDING TO BRING AN ACTION
   ON BEHALF OF M.M., A LEGAL ADULT.................................................... 10

II. DEFENDANTS' MOTION TO DISMISS MUST BE GRANTED BECAUSE
    PLAINTIFF L.M. HAS FAILED TO EXHAUST ADMINISTRATIVE
    REMEDIES UNDER THE IDEA...................................................................... 13

III. DEFENDANTS' MOTION TO DISMISS MUST BE GRANTED
     BECAUSE PLAINTIFF HAS FAILED TO SET FORTH A RICO CLAIM... 18

CONCLUSION...................................................................................................................... 21

## **TABLE OF AUTHORITIES**

**Page**

**United States Supreme Court Cases**

Hein v. Freedom From Religion Found, 551 U.S. 587 (2007)......  11

U.S. v. Irizarry, 341 F.3d 273, 285 (3rd Cir. 2003)...........................  19

**Third Circuit Court of Appeals Cases**

Beth V. v. Carroll, 87 F.3d 80 (3rd Cir. 1996)..........................................  17

Komninos v. Upper Saddle River BOE, 13 F.3d 775
    (3rd Cir. 1994)...............................................................................  17

**New Jersey Court Cases**

Interchange State Bank v. Veglia, 286 N.J.Super
    164 (App. Div. 1995).....................................................................  20

J.T. v. Dumont Public Schools, 438 N.J. Super. 241 (2014).........  15

N.J. Prot. and Advocacy, Inc. v. N.J. Dep't of Educ.,
    563 F.Supp.2d 474 (D.N.J. 2008).............................................  14

Prudential Ins. Co. of Am. v. United States Gypsum
    Co., 828 F.Supp. 287 (D.N.J. 1993)........................................  20

**United States Code Provisions and Regulations**

34 C.F.R. § 300.520......................................................................................  11

18 U.S.C. § 1962...........................................................................................  19

20 U.S.C. § 1412...........................................................................................  14

20 U.S.C. § 1415.....................................................................................  11, 14

**New Jersey Administrative Code**

N.J.A.C. 6A:14-2.3......................................................................................  **11, 12**

PRELIMINARY STATEMENT

Plaintiffs in this matter improperly filed a class action lawsuit against numerous public school districts throughout the State of New Jersey, the districts' superintendents, county superintendents and the New Jersey Department of Education. Plaintiffs, parents of students who have been found eligible for special education and related services, claim their children have been denied their rights under the IDEA, the Americans with Disabilities Act, New Jersey statutes, the New Jersey Administrative Code, the New Jersey Constitution and the 14th Amendment for the 2019-2020, 2020-2021 and the 2021-2022 school years.

Specifically, Plaintiffs allege that their children, including M.M., a resident of Manasquan, were denied a free appropriate public education ("FAPE") as a result of the statewide closings of public and private schools. The closings were due to the onset of the global pandemic caused by the spread of Covid-19. Students, including M.M., were placed on virtual instruction beginning in March 2020 and continuing through June 2020, at which time some districts and some private schools opened for summer programming and extended school year (ESY) programs.

Plaintiffs claim that by changing the location of the special education programs and related services from in-school

to virtual, Defendants surreptitiously amended or changed the students' IEPs without consent, in violation of the IDEA and the New Jersey Administrative Code. Plaintiffs further assert that doing so discriminated against them under state and federal laws.

Opposing counsel previously filed a nationwide class action lawsuit under the same claims for many of the same Plaintiffs, which was promptly dismissed by the Southern District of New York based on lack of jurisdiction and failure to state a claim. Plaintiffs are now attempting to circumvent the prior ruling and remedy the defects of their prior claims by filing a class action lawsuit against multiple districts in the State of New Jersey, their superintendents, the NJDOE and its employees.

Plaintiff L.M.'s claims against the Manasquan Board of Education ("the District") and Superintendent Dr. Frank Kasyan ("the Superintendent") should be immediately dismissed because the student in question, M.M., is a 20 year old adult who has not given L.M. the legal authority to file litigation on his behalf. L.M. has not provided Defendants or this Court with any legal documents or a court order demonstrating that she has legal guardianship over M.M., despite the fact that Defendants requested such documents multiple times when L.M. filed a Petition for Due Process in July 2021. L.M. does not have

5

standing to bring this litigation against Defendants Manasquan BOE or its superintendent, and the Complaint against the District and the Superintendent must be dismissed because of the same.

Additionally, Plaintiff L.M.'s claims against the Manasquan Board of Education and Superintendent Dr. Frank Kasyan should be dismissed pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction as Plaintiffs have failed to exhaust their administrative remedies. Plaintiffs filed multiple cookie cutter claims against multiple districts throughout the State in an effort to obtain cookie cutter relief from all Defendants. Plaintiffs are not exempt under the IDEA or the New Jersey Administrative Code from filing a petition for due process and/or seeking relief from a local hearing officer.

In fact, in this matter, Plaintiff L.M. filed a due process petition against the District with the NJ Office of Administrative Law in July 2021 and voluntarily withdrew the petition in November 2021. Unbeknownst to the District at that time, Plaintiff's counsel had already filed this action with the New Jersey District Court in October 2021 and withdrew the due process petition before the Office of Administrative Law in favor of participating in this attempted class action lawsuit.

Even if, arguing in the alternative, Plaintiff L.M. has standing to file either litigation, Plaintiff would only be

entitled to invoke subject matter jurisdiction before a State or federal court after the issuance of a decision by the local hearing officer. Plaintiff failed to do so, as she withdrew her due process petition immediately after an unsuccessful settlement conference with an Administrative Law Judge. Plaintiffs' Complaint fails to state sufficient facts or legal argument that would provide an exception to the exhaustion of administrative remedies requirement.

Finally, Plaintiffs claim that Defendant school districts and their superintendents and the NJDOE violated the Racketeer Influenced and Corrupt Organizations Act ("RICO") by receiving funds from the federal government through the IDEA to educate and provide services to classified students but failed to do so during the school closings. Plaintiffs have offered absolutely no facts to support such a claim and have no legal standing to do so. Plaintiffs are unable to assert any such facts to support a claim that the school districts, the superintendents, the NJDOE or its employees coordinated through unlawful, illegal actions in an effort to defraud Plaintiffs of the benefits of the IDEA.

## STATEMENT OF FACTS/PROCEDURAL HISTORY

M.M. is a twenty year old student who resides in Manasquan, New Jersey and attends the Hawkswood School in Eatontown, New Jersey as set forth in his IEP. See Exhibit A.

Plaintiff L.M. filed a Due Process Petition with the New Jersey Department of Education, Office of Special Education Programs in July 2021. See Exhibit B. M.M. was 19 years old at the time the Petition was filed. See Exhibit A.

L.M. alleged that the District failed to implement M.M.'s IEP and failed to provide him with a FAPE. See Exhibit B. L.M. alleged that the District violated the IDEA by failing to implement M.M.'s education program and placement as established in his IEP. See Exhibit B. L.M. also asserted a claim pursuant to Section 504 of the Rehabilitation Act based on the allegation that the District failed to provide M.M. with a FAPE by unilaterally modifying M.M.'s IEP. See Exhibit B. L.M. requested the following relief as part of the Due Process Petition:

1. An interim Order requiring the District to implement the last agreed upon IEP dated June 4, 2019 and May 1, 2020, by reopening M.M.'s school in-person or, in the alternative, allowing L.M. to self-cure the unilateral change in M.M.'s educational program and placement.[1]
2. An Order for the District to reimburse L.M. for any costs she may have incurred by unilaterally providing services to M.M. during the time the District allegedly failed to do so.[2]

---

[1] At the time of the filing of the Due Process Petition, Hawkswood had not been closed since June 2020, and M.M. was already receiving in-person instruction. See Exhibit A
[2] No documentation was provided by Plaintiff that she showed she incurred such expenses or costs. See Exhibit B.

8

3. An interim Order requiring the District to conduct independent evaluations of M.M.
4. An Order that the District denied M.M. a FAPE and a determination of appropriate compensatory services as a result of the same.
5. Payment from the District of L.M.'s attorney's unknown fees and costs.
6. Any other relief deemed appropriate by the hearing officer.

See Exhibit B.

The parties conducted a settlement conference with the Honorable Mary Ann Bogan, ALJ on or about October 28, 2021, which did not end with a resolution to the matter. On November 19, 2021, Plaintiff L.M. withdrew her due process petition in a letter to ALJ Bogan that also addressed a Washington Township due process matter before ALJ Bogan. See Exhibit C.

On or about October 18, 2021, Plaintiff filed the Complaint in this matter, prior to the settlement conference before ALJ Bogan. See ECF 1. The Complaint requests many of the same remedies requested by Plaintiff L.M. in the July 2021 Due Process Petition. See Exhibit B and ECF 1. Namely, she demands a judgment declaring M.M.'s status quo pendency placement as in-person instruction; a judgment declaring that a unilateral change in placement for more than 10 days violates M.M.'s rights under the IDEA, ADA and Rehabilitation Act; an order requiring the District to comply with the IDEA and other state and federal laws in the event of future school closings; compensatory

9

education as appropriate; attorneys' fees; and other relief the Court deems appropriate. See ECF 1, pages 111-113.

Defendants Manasquan BOE and Dr. Frank Kasyan assert that this Complaint was improperly filed by Plaintiff L.M. and argue the Complaint should be dismissed.

**LEGAL ARGUMENT**

**I. DEFENDANTS' MOTION TO DISMISS MUST BE GRANTED BECAUSE PLAINTIFF L.M. DOES NOT HAVE STANDING TO BRING AN ACTION ON BEHALF OF M.M., A LEGAL ADULT.**

Plaintiff L.M.'s claims against the Manasquan Board of Education and Superintendent Dr. Frank Kasyan should be immediately dismissed because Plaintiff L.M. does not have standing to bring this litigation on behalf of M.M., an adult student and a legal adult.

The student in question, M.M., is a 20 year old adult who has not given L.M. the legal authority to file litigation on his behalf. See Exhibit A. Plaintiff L.M. acknowledges in Paragraph 47 of the Complaint that M.M. is a 20 year old student. See ECF 1, pg. 10. Plaintiff L.M. further acknowledges in the Complaint that M.M. was 18 years old at the time of the start of the Covid-19 pandemic in March 2020. See Ibid.[3] Plaintiff L.M., who is the only member of the M. family named specifically as a plaintiff in filing of the Complaint and in ECF filings, claims

---

[3] The Complaint does refer to M.M. as "Plaintiff M.M." on page 10, but M.M. is not listed as a plaintiff in the initial filings and is not listed as a party to the matter beyond the claims set forth in paragraphs 47, 48 and 52 of the Complaint.

10

she is the "natural guardian of M.M," but she does not refer to herself as the legal guardian of M.M., a legal adult.

Pursuant to the Article III of the United States Constitution, federal courts may consider a case where plaintiffs have the standing to pursue a claim. Plaintiffs must possess standing to challenge the action sought to be adjudicated. See Hein v. Freedom From Religion Found, 551 U.S. 587 (2007).

The IDEA states that "a state that receives amounts from a grant under this subchapter may provide that, when a child with a disability reaches the age of majority under State law (except for a child with a disability who has been determined to be incompetent under State law)... all other rights accorded to parents under this subchapter transfer to the child. See 20 U.S.C. § 1415(m)(1)(b); 34 C.F.R. § 300.520(a)(1).

The New Jersey Administrative Code echoes the IDEA. Specifically, N.J.A.C. 6A:14-2.3(m) states, "except when a parent has obtained legal guardianship, all rights under this chapter shall transfer to the student upon attainment of the 18th birthday." Further:

> when there is a disagreement regarding the identification, evaluation, classification, or educational placement of, or the provision of a free, appropriate public education to, an adult student, the *adult student* may request mediation or a due process hearing *or authorize, in writing,*

> *his or her parent to request mediation or a*
> *due process hearing* and, while participating
> in such proceedings, to make educational
> decisions on his or her behalf.

See <u>N.J.A.C.</u> 6A:14-2.3(m)(4)(emphasis added).

Both the IDEA and the NJ Administrative Code are quite clear that the rights of a classified student transfer from the parent to the adult student upon reaching the age of 18, unless 1.) the parent obtains legal guardianship over the adult student or 2.) the adult student authorizes in writing the parent to litigate and make educational decisions on their behalf. Neither of those exceptions is present in this matter.

While this issue may typically be easily resolved between the parties, assuming the parent seeks legal guardianship or the student placing in writing his authorization, it is concerning that it has not happened in this matter. Both counsel and the ALJ raised this issue during the pendency of the prior due process matter. <u>See</u> Pettineo Certification ¶ 7. Plaintiff, through opposing counsel, ensured counsel and the OAL that such paperwork would be provided. Several months later, and after several requests from this office, no such documentation has been provided. Instead, a federal complaint was filed and the issue was ignored by Plaintiff L.M. Defendants can only assume that such a delay in providing the required documents means that

M.M. has not provided authorization and that L.M. has not obtained legal guardianship over M.M.

Because Plaintiff L.M. has not provided Defendants or this Court with any legal document, written authorization or a court order demonstrating that she has legal guardianship over M.M., a legal adult, despite repeated requests, Plaintiff L.M. does not have standing to bring this litigation against Defendants Manasquan BOE and Dr. Kasyan. Based on the foregoing, Defendants' Motion to Dismiss the Complaint should be granted with prejudice.

## II. DEFENDANTS' MOTION TO DISMISS MUST BE GRANTED BECAUSE PLAINTIFF HAS FAILED TO EXHAUST ADMINISTRATIVE REMEDIES UNDER REMEDIES UNDER THE IDEA.

Even if Plaintiff was found to have standing in this matter, Plaintiff's claims against Defendants are based on allegations of a denial of a FAPE to M.M., failure to implement M.M.'s IEP and changing M.M's placement and programming without a proper amendment to the IEP. These claims all fall under the scope of the IDEA and, as such, Plaintiff is required to exhaust her administrative remedies under the IDEA. The peculiarity in this matter is that Plaintiff L.M. was in fact pursuing the appropriate venue for her claims by filing a due process petition before the Office of Administrative Law, but she then voluntarily withdrew that petition in favor of pursuing a class action claim against the District, its Superintendent and the

NJDOE, along with multiple other plaintiffs and multiple other defendants.

The IDEA provides students classified as eligible for special education and related services with certain protections. See 20 U.S.C. § 1412. The IDEA requires a FAPE is available to classified students, an IEP is developed, reviewed and revised for each classified student and that classified students are placed in the least restrictive environment to the extent possible and appropriate. See 20 U.S.C. § 1412 (a)(1)(A), (4), (5)(A). All state and local educational agencies that receive assistance under the IDEA must maintain procedures to ensure that disabled children and their parents "are guaranteed procedural safeguards with respect to the provision of a free appropriate public education by such agencies." See 20 U.S.C. § 1415(a).

A party aggrieved by the findings made by a state or local educational agency as a result of an impartial due process hearing may commence an action in any state or district court without regard to the amount in controversy. See 20 U.S.C. § 1415(i)(2)(A) and (f). If a federal action seeks relief that is available under the IDEA, the administrative procedures in the IDEA must first be exhausted. See N.J. Prot. and Advocacy, Inc. v. N.J. Dep't of Educ., 563 F.Supp.2d 474, 484 (D.N.J. 2008). This rule permits "agencies to exercise discretion and apply

14

their expertise, to allow the complete development of the record
before judicial review, to prevent parties from circumventing
the procedures established by Congress, and to avoid unnecessary
judicial decisions by giving the agency an opportunity to
correct errors." See J.T. v. Dumont Public Schools, 438 N.J.
Super. 241, 260 (2014) (citing Urban v. Jefferson Cty. Sch.
Dist., 89 F.3d 720, 724 (10th Cir. 1996). "Further, this
provision bars plaintiffs from circumventing IDEA's exhaustion
requirement by taking claims that could have been brought under
IDEA and repackaging them as claims under some other statute."
See Ibid. (citing J.H. v. Mt. Lebanon Sch. Dist. 95 F.3d 272,
281 (3rd Cir. 1996).

Plaintiff's IDEA claims must be dismissed because Plaintiff
has failed to exhaust her administrative remedies as required by
Section 1415 of the IDEA. An administrative proceeding relating
claims such as an alleged denial of a FAPE, the failure
implementation of the IEP and alleged amendment to the IEP
without parental would allow for the full exploration of these
educational issues and the development of a factual record. A
full and complete due process hearing is well-suited to address
these educational issues, and the relief Plaintiff seeks could
be provided through a due process hearing.

This is further evidenced by examining the relief requested
in both the July 2021 due process petition and the current

Complaint. <u>See</u> Exhibit B and ECF 1. As stated above, L.M. requested the following relief as part of the Due Process Petition:

1. An interim Order requiring the District to implement the last agreed upon IEP and providing M.M. with in-person learning.
2. An Order for the District to reimburse L.M. for any costs she may have incurred by unilaterally providing services to M.M. during the time the District allegedly failed to do so.
3. An Order that the District denied M.M. a FAPE and a determination of appropriate compensatory services as a result of the same.
4. The District shall pay L.M.'s attorney's fees and costs.
5. Any other relief deemed appropriate by the hearing officer.

<u>See</u> Exhibit B. In the current complaint, Plaintiff requests a judgment declaring M.M.'s placement as in-person instruction, declaring a unilateral change in placement for more than 10 days violates M.M.'s rights under the IDEA, requiring the District to comply with the IDEA and other state and federal laws in the event of future school closings, compensatory education, attorneys' fees and other relief the Court deems appropriate. <u>See</u> ECF 1, pages 111-113. These are essentially the same demands for relief as the prior due process petition.

As Plaintiff seeks relief that is otherwise available under the IDEA, Plaintiff was required to exhaust her administrative remedies before commencing this action and by failing to do so Plaintiff is inappropriately seeking to have this Court

determine, in a first instance and without the assistance of a record from an administrative proceeding, whether her claims are substantiated.

Finally, Plaintiff's claims do not fall under any of the recognized exceptions to the IDEA's exhaustion requirement. The IDEA's exhaustion requirement is not applicable where (1) exhaustion would be futile or inadequate, (2) the issues presented involve purely legal questions, (3) the administrative agency cannot grant the relief sought, and (4) exhaustion would impose "severe or irreparable harm" on the litigant. See Komninos v. Upper Saddle River BOE, 13 F.3d 775, 778 (3rd Cir. 1994). Plaintiffs also are excused from the IDEA's exhaustion requirement "where they allege systematic legal deficiencies and, correspondingly request system-wide relief that cannot be provided (or even addressed) through the administrative process." See Beth V. v. Carroll, 87 F.3d 80, 89 (3rd Cir. 1996.

Plaintiff cannot demonstrate that exhaustion would be futile or inadequate, as she initially appropriately filed her claim in the Office of Administrative Law and then voluntarily withdrew it without resolution and without reason. The parties may have been able to successfully resolve this matter but for the delay in settlement discussions due to the current action. Plaintiff can also not demonstrate that exhaustion would impose severe or irreparable harm as it has already been established

17

that M.M. is and has been attending in-person learning during the 2021-2022 school year. See ECF 82.

Further, there are no purely legal questions at hand as the core of Plaintiff's allegations deal with an alleged denial of a FAPE and a dispute over the implementation of the IEP, which are factual disputes. In fact, it is Defendants' position that Plaintiff improperly has alleged that the District closed to in-person learning, to the detriment of M.M., when M.M. does not attend district schools, and his out of district program (Hawkswood) only implemented virtual learning from March 2020 to June 2020 and for the period from Thanksgiving break through winter break 2020. These are again factual disputes that should be addressed by a local hearing officer. Plaintiff must bring her claims before the Office of Administrative Law, and Plaintiff may receive relief (such as the demanded compensatory education and an order to implement the IEP as drafted) from a hearing officer after a full and complete hearing.

Plaintiff does not have the right or ability to bring her claims before a state or federal court unless and until a local hearing officer sets forth a decision in an administrative proceeding. For the reasons set forth above, Plaintiff's Complaint is fatally defective and must be dismissed.

**III.  DEFENDANTS' MOTION TO DISMISS MUST BE GRANTED BECAUSE PLAINTIFF HAS FAILED TO SET FORTH A RICO CLAIM.**

Plaintiff L.M. claims that Defendants Manasquan Board of Education and Superintendent Dr. Frank Kasyan violated the Racketeer Influenced and Corrupt Organizations (RICO) Act by accepting IDEA funds to educate classified students while simultaneously denying those students with the programs and services owed to them by IDEA. Not only are these claims legally ridiculous on its face, they improperly and incorrectly assume that these students, such as M.M., did not receive special education and related services during the State-wide school shutdown and that Defendants somehow profited from the same.

RICO prohibits "any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt." See U.S. v. Irizarry, 341 F.3d 273, 285 (3rd Cir. 2003); 18 U.S.C. § 1962(c). RICO also prohibits parties from engaging in a conspiracy to do any of these unlawful acts. See 18 U.S.C. § 1962(d).

Plaintiff cannot set forth a viable RICO claim as she lacks standing and has failed to provide any evidence, or even allege

the existence of, an enterprise that took part in the above-referenced acts.

In order to establish standing to institute a civil action under RICO, Plaintiff must establish that the alleged harm was "proximately caused by the RICO predicate acts alleged, *i.e.* that there was a direct relationship between plaintiff's injury and defendant's conduct." See Interchange State Bank v. Veglia, 286 N.J.Super 164, 178 (App. Div. 1995). "This requires a showing not only that the defendant's alleged RICO violation was the 'but for' cause or cause-in-fact of his injury, but also that the violation was the legal or proximate cause." See Ibid. (citing Holmes v. Securities Investor Protection Corp. 503 U.S. 258, 265 (1992)). If a plaintiff is harmed in an indirect way only, they do not have standing to pursue a RICO claim. See Prudential Ins. Co. of Am. v. United States Gypsum Co., 828 F.Supp. 287, 296 (D.N.J. 1993).

In this matter, Plaintiff is attempting to litigate under RICO for an alleged injury that is only indirectly related to Defendants' alleged actions. Specifically, Plaintiff claims that Manasquan and its Superintendent did not provide M.M. with special education, related services and a FAPE during the State-wide school closures by only providing M.M. with a virtual program in lieu of in-person learning. Plaintiff goes further to claim that Defendants fraudulently used their respective

20

enterprises, the school district, to defraud Plaintiff L.M. as the beneficiary of IDEA funds. First, M.M. did not attend the Manasquan schools at the time of the school closures; he attended Hawkswood, who closed their doors without any input or request from the District. See Exhibit A; Pettineo Cert. Putting that fact aside, the alleged fraud was not perpetrated against Plaintiff or M.M. but was instead allegedly perpetrated against the federal government. Plaintiff's logic is nonsensical and does not meet the criteria for a RICO claim, as she does not have standing to make a RICO claim.

Additionally, Plaintiff has failed to submit any evidence that Defendants ran an "unlawful enterprise," engaged in activities that affect interstate or foreign commerce or engaged in a pattern of racketeering activity or collected of unlawful debt. The Complaint is woefully lacking, and in fact completely devoid, of allegations that the predicated acts in any credible manner trigger a RICO claim.

For the reasons set forth above, Plaintiff's Complaint is fatally defective and must be dismissed.

## CONCLUSION

As set forth above, Plaintiffs' Complaint against Defendants Manasquan Board of Education and Dr. Frank Kasyan must be dismissed as L.M.'s claims. Defendants Manasquan Board of Education and Dr. Frank Kasyan respectfully request the Court

grant  their  Motion  for  Dismissal  of  the  Complaint  in  their
favor, dismissing the complaint with prejudice.

                                 Respectfully submitted,

                                 KENNEY GROSS KOVATS & PARTON

                                 ____/s/ Gabrielle Pettineo___
                                 Gabrielle A. Pettineo, Esq.